ALICE JENKINS *v.* EVON M. BARBER ET AL.

1. SOLICITORS IN CHANCERY. *Inconsistent positions.*

    A defendant to an equity suit whose position is in fact adverse to that of another defendant cannot act as the latter's solicitor, unless, if at all, there be an express authorization placed of record for him to do so; and in the absence of such an authorization a decree rendered by consent of the solicitor defendant will be reversed on the appeal of his co-defendant for whom he assumed to act.

2. SUPREME COURT PRACTICE. *Record. Affidavits.*

    An affidavit not a part of the record cannot be considered by the supreme court in aid of the same.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Barber, an appellee, was complainant in the court below; Mrs. Jenkins, the appellant, and Maybin, an appellee, were defendants there. From a decree in favor of Barber and Maybin (one a complainant and the other a defendant), the complainant appealed to the supreme court. The opinion of the court fully states the facts of the case.

*Harper & Harper,* for appellant.

The court went off on the theory that W. H. Maybin was the attorney of Alice Cooper, and a motion was docketed in which leave to withdraw the answer of defendants was asked. Through carelessness or inadvertency, we presume, no order was entered granting this leave to withdraw the answers. But if the order had been drawn and entered, it would have been error on the part of the court, because W. H. Maybin's interest in this litigation was hostile to that of Alice Cooper, and the law would not permit him to represent her. Besides, the record does not purport that Maybin was her attorney. Maybin had no author-

ity to withdraw the answer of Alice Cooper, and the case yet stands on bill and answer.

In the case of *United States* v. *Throckmorton,* 98 U. S., 61, Mr. Justice Miller, delivering the opinion of the court, says: "If the court has been mistaken in law, there is remedy by writ of error. If the jury has been mistaken in the facts, there is the same remedy by motion for a new trial. If there has been evidence discovered since the trial, a motion for a new trial will give appropriate relief. But all these are parts of the same proceeding, relief is given in the same suit, and the party is not vexed by another suit for the same matter. So in a suit in chancery, on proper showing a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to the higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review may be filed on that ground within the rules prescribed by law on the subject. Here again these proceedings are all parts of the same suit, and the rule framed for the repose of society is not violated.

"But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue of this case—where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court by a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side. These and similar cases, which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hear-

ing. See Wells, Res Adjudicata, sec. 499; *Pearce* v. *Olney,* 20 Conn., 544; *Wierich* v. *DeZoya,* 7 Ill. (2 Gilm.), 385; *Kent* v. *Richards,* 3 Md. Ch., 396; *Smith* v. *Lowry,* 1 Johns. Ch., 320; *DeLouis* v. *Meek,* 2 Green (Iowa), 55."

This principle proves that we are not only entitled to relief from the final decree entered in the chancery court of Harrison county by direct appeal, but under the facts if the time had expired for an appeal, we might have attacked the decree complained of in an original bill; or, in other words, the decree is absolutely void.

*Barber & Mize,* for appellees.

The assignment of error, based on the taking of the *pro confesso* while an answer was on file, cannot avail the appellant, because the decree *pro confesso,* granted by the court, recites that the answers of respondents had been withdrawn, and thereby conclusively shows that the motion of respondents asking leave to withdraw said answers had been sustained by the court. It is not necessary for the record to show a formal order sustaining the motion. It is not even necessary for the record to show a formal decree *pro confesso.* In *Cole* v. *Johnson,* 53 Miss., 94, it was held that the recital, "It appearing to the satisfaction of the court that judgment *pro confesso* had been duly and properly taken against the adult defendants in this cause," was sufficient to uphold final decree against the defendants.

"A final decree for complainant, otherwise correct, will not be reversible merely for failure to take a *pro confesso* decree against a defendant who has not answered." *Hambrick* v. *Jones,* 64 Miss., 240.

Even if it had not been recited in the decree *pro confesso* taken by the appellee that the answers of respondents had been withdrawn, but appellee had taken a decree *pro confesso* not containing this recital, a final decree based thereon would be good; for the appellate court will presume that the lower court sustained the motion requesting the withdrawal of respondents'

answers, as the proceedings of the lower court are presumed to be regular unless otherwise shown. The rule in equity, as at law, is that in the absence of all the testimony on which the lower court acted, it will be presumed that everything was established. *Smith* v. *Fletcher,* 11 S. W. Rep., 224.

It must be presumed that Maybin was then the attorney of record for Alice Cooper, as was really the case. In fact, this is nowhere denied by appellant. The supreme court must presume that Maybin appeared in the court below as attorney for appellant, and that his name was on the docket as appellant's attorney, with appellant's consent, or the lower court would not have recognized any motion of his or any act of his in appellant's behalf.

"The entering of appearance by an attorney is *prima facie* evidence of his authority to appear." 1 Am. & Eng. Ency. Law (1st ed.), 952.

"It is not necessary to show the authority until called for." *Banks* v. *Fellows,* 28 N. H., 302; 1 Am. & Eng. Ency. Law (1st ed.), 953.

CALHOON, J., delivered the opinion of the court.

E. M. Barber filed a bill, in his own name alone, making W. H. Maybin and the appellant parties defendant thereto. This bill charges that Barber & Maybin were partners, to whom, as such partners, appellant gave a note, and executed a trust deed to secure it, payable to said Barber & Maybin, and that the note is past due and unpaid and has been lost or destroyed, and that the firm has been dissolved; and the prayer is that the land on which the trust deed was given be sold to pay the debt, and that of the proceeds sixty-two and one-half per cent be paid to Barber, and thirty-seven and one-half per cent be paid to the defendant, Maybin. To this bill there appears an answer by W. H. Maybin, which answer admits the execution of the note and trust deed, but sets up that at the dissolution of the firm of Barber & Maybin this note and trust deed, by agreement, be-

came the sole property of Maybin, and denies that Barber has any interest in them. There also appears the answer of the appellant, averring her understanding that the note was payable to Maybin only, and that she had told Barber that she did not desire his services, and that she never employed him directly or indirectly, but repudiated his connection with the case. Her answer further avers that she is not indebted to Barber to any amount whatever, and that if he ever had any interest in it, the same went to Maybin on the dissolution of the firm of Barber & Maybin. On this answer it is plain that no decree should be rendered against appellant in favor of Barber without evidence; and it is also plain that no decree could be rendered against her in the cause in favor of Maybin, shaped as it is. Appellant's answer does not appear to have been filed through the intervention of any attorney whatever. We next find a motion to the court in the following words:

"*E. M. Barber* v. *Alice Cooper et al.* Now come defendants and move the court to allow them to withdraw their answers in the above-styled case. [Signed] W. H. Maybin, per Joe H. Mize."

Mr. Maybin, being in a position adversary to Mrs. Cooper, who now by marriage has become Mrs. Jenkins, of course could not act as her counsel, unless, if at all, upon express showing by the record of such authorization.

We next find in the record, without any disposition whatever of this motion, another motion for a decree *pro confesso* in the cause, and afterwards a decree reciting that it was on the motion for the decree *pro confesso,* and reciting that, "it further appearing that said Alice Cooper and W. H. Maybin have withdrawn their answers to said bill of complaint," it was decreed that the bill be taken as confessed against both defendants; and next we find a final decree, without proof, establishing the debt, and ordering the sale of the land to pay it, and this final decree gives four-sevenths of the proceeds to Barber, and three-sevenths to Maybin—a proportion differing from the claim of this bill—

and saddles all the costs of the suit on appellant.    There having been no disposition of the motion to withdraw the answer of appellant, in the peculiar attitude of this suit the court had no right to enter a final decree against her for the joint payment to Barber & Maybin and to saddle all the costs on her.    It may be that appellant has a perfect defense to any proceeding on the part of Maybin, and she had the right to have Barber's claim against her settled in the orderly administration of justice.

After appellant had taken her appeal on this record, Mr. Maybin filed in this court an affidavit to the effect that he had been employed by appellant as a practicing attorney to represent her in that cause, and that, by an agreement between appellant, Barber, and himself, the answer of appellant was withdrawn by him through Mr. Joe H. Mize, and that the motion was accordingly made by Mize, the then partner of Barber, and that this was done with appellant's knowledge and consent.    Of course no affidavit can be heard to help out a record, and so we can take no notice whatever of Mr. Maybin's affidavit in the disposition of this case.

*Reversed and remanded.*